UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | |
|---|---|
| NORRIS JONES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )          1:08-cv-1128-SEB-TAB |
| | ) |
| INDY 104, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**

**I.      Introduction**

On January 21, 2007, Plaintiffs visited the Ram Restaurant & Brewery in downtown

Indianapolis.[1]    After Plaintiffs were seated and served, the server informed them that "he was

not permitted to serve any more food or drinks to them."  [Docket No. 1, ¶ 16.]  Shortly

thereafter, the restaurant manager delivered their check, and asked them to leave.

Plaintiffs, who are African American, contend that they were refused further service and

asked to leave on account of their race in violation of 42 U.S.C. § 1981.  In response, Defendants

moved to dismiss the Plaintiffs' claim under Fed. R. Civ. P. 12(b)(6), on the grounds that the

"Plaintiffs failed to show that Defendants intended to discriminate on the basis of race or that

Plaintiffs were denied the right to make or enforce a contract due to their race . . . ."  [Docket No.

11, at 2.]  Specifically, Defendants assert that the claim is barred because they initially seated

and served Plaintiffs.  [Docket No. 17, at 2.]   For the reasons set forth below, the Magistrate

---

[1]The restaurant is operated by a franchise agreement between Defendants Ram
International I, LLC, the franchisor, and Indy 104, LLC, the franchisee.

Judge recommends that Defendants' motion to dismiss be denied.

## II.     Discussion

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss may be properly granted only where a claimant "fail[s] to state a claim upon which relief can be granted."  To survive such a motion, the pleadings must contain at least "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement need not contain specific facts, *Erickson v. Pardus*, 551 U.S. 89, ____, 127 S. Ct. 2197, 2200 (2007), merely enough of them to "give the defendant fair notice of what the  .  .  .  claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks removed).  In short, a motion to dismiss serves to test "the sufficiency of the complaint and not the merits of the suit."  [Docket No. 16 at 2-3 (citing *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)).]

In order to prevail on a § 1981 claim, Plaintiffs must ultimately prove that: "(1) [they are] a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006).  Defendants concede Plaintiffs' claim of minority status, contesting only the second and third elements.  At this stage of the litigation, however, Plaintiffs need not prove their case.  They need only put Defendants on notice by alleging the requisite elements in their complaint, and by providing enough information for Defendants to identify the events giving rise to their claim.

On its face, the complaint meets the notice pleading requirements of Fed. R. Civ. P. 8(a)(2).  Plaintiffs allege they are members of a racial minority.  [Docket No. 1, ¶¶ 7-9.]  They

further allege that they were denied food, drinks and services, [Docket No. 1, ¶ 28], and that this

denial was "undertaken intentionally and purposely, fully with racially discriminatory animus, for

the purpose of denying Plaintiffs equal treatment on the basis of race." [Docket No. 1, ¶ 32.]

In support of this claim, the Plaintiffs also detailed the basic factual circumstances

underlying it. Namely, that although they were initially seated with a group of Caucasian friends,

they were denied service upon request. [Docket No. 1, ¶¶ 14, 20.] Plaintiffs were the only ones told

to leave, and no Caucasian patrons were asked to leave. [Docket No. 1, ¶¶ 19, 25.] And after Plaintiffs

left, one of the Caucasian friends they were dining with called one of the Plaintiffs to let him know that

the manager subsequently apologized to the group, informed them that they could be served, and offered

them a complimentary round of drinks. [Docket No. 1, ¶ 22.] The real issue, then, is whether Plaintiffs'

§ 1981 claim can survive a motion to dismiss in light of Defendants' initial provision of service.

In support of their position, Defendants rely principally on *Morris v. Office Max, Inc.*, 89

F.3d 411 (7th Cir. 1996), likening Plaintiffs' allegations of a denial of further service to a

"prospective contractual relations" argument rejected by the Seventh Circuit. The *Office Max*

plaintiffs, also African Americans, were questioned by police at the direction of one of the

defendant's employees while they were patronizing the defendant's store. Afterward, the

plaintiffs left the store without making a purchase. *Id.*

The *Office Max* court rejected the claim as being speculative and insufficient to state a

claim because the plaintiffs did not demonstrate that they would have attempted to make a

purchase even if they had not been approached by the police. *Id.* at 414. Specifically, the court

noted that the plaintiffs failed to assert that Office Max refused to sell to them. *Id.* Furthermore,

the plaintiffs were "neither denied admittance nor service, nor were they asked to leave the store."
*Id.*  By contrast, Plaintiffs here allege both that they were asked to leave and that they were
denied service.  [Docket No. 1 at ¶¶ 16, 17.]  These allegations ground Plaintiffs' complaint in a
concrete injury.  *See Bagley v. Lumbermens Mut. Cas. Co.*, 100 F. Supp. 2d 879, 882 (N.D. Ill.
2000) ("A defendant cannot avoid § 1981 liability by refusing to contract with members of racial
minorities who seek to contract with him, then arguing that there were no 'actual loss of contract
interests' involved.").

Defendants' other authority relies on similarly inapplicable distinctions.  In *Robertson v.
Burger King, Inc.*, 848 F. Supp. 78 (E.D. La. 1994), the plaintiff complained of slow service
rather than a denial of service.  And in *Jackson v. Tyler's Dad's Place, Inc.*, 850 F. Supp. 563
(D.D.C. 1994), the plaintiffs left the restaurant because the only seating available was at the bar,
not because they were asked to leave.

Taking Plaintiffs' account of events as true, this case is closer to *McCaleb v. Pizza Hut of
America, Inc.*, 28 F. Supp. 2d 1043 (N.D. Ill. 1998).  The *McCaleb* plaintiffs, an African
American family, received some service from the defendant's restaurant.  However, the
defendant's employees behaved in a hostile manner, even going so far as to use racial epithets in
their hearing.  While the case in bar is lacking in racial epithets, the defendants in both cases
argued that the plaintiffs' § 1981 suits were barred because they were permitted to purchase food
and eat it in the restaurant.  The *McCaleb* court disagreed, noting that the "defendant failed to
provide plaintiffs the full benefits of the contract . . . . [and that] defendant interfered with the full
enjoyment of the contract by driving plaintiffs out before they had completed eating all that they
had intended to eat."  *Id.* at 1048.  Likewise, the instant Plaintiffs claim to have been refused

4

service and asked to leave before they were done.

**III.     Conclusion**

For these reasons, the Magistrate Judge recommends that Defendants' motion to dismiss

[Docket No. 11] be denied.  Any objections to the Magistrate Judge's Report and

Recommendation shall be filed with the Court in accordance with 28 U.S.C. § 636(b)(1), and

failure to file timely objections within ten days after service shall constitute a waiver of

subsequent review absent a showing of good cause for such failure.

Dated:  04/21/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Peter H. Rosenthal
LAW OFFICE OF PETER H. ROSENTHAL
atyrosenthal@aol.com

Mark Richard Waterfill
DANN PECAR NEWMAN & KLEIMAN
mwaterfill@dannpecar.com